IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY, | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | CASE NO. 3:16-cv-02366-G |
| PENIEL HOLDINGS, LLC, | § § | |
| **Defendant.** | § § | |

## MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION PURSUANT TO RULES 8(a) AND 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR ALTERNATIVE REQUEST FOR ABSTENTION, AND BRIEF IN SUPPORT THEREOF

COMES NOW PENIEL HOLDINGS, LLC, (the "Defendant"), who files this its Motion to Dismiss for Want of Jurisdiction Pursuant to Rules 8(a) and 12(b)(1) of the Federal Rules of Civil Procedure, or Alternative Request for Abstention, as to the Original Complaint for Declaratory Relief filed by WFG NATIONAL TITLE INSURANCE COMPANY (hereafter, the "Plaintiff") on August 15, 2016 ("the Complaint"), and Brief in Support Thereof, and Defendant would show as follows:

### A.   SUMMARY OF THE MOTION

The Complaint seeks declaratory relief that Plaintiff, a title company, need not issue, nor provide coverage for Defendant under, a title policy (referred to as the "Policy") for which its title agent, Millennium Closing Services, LLC d/b/a Millennium Title (hereafter, "Millennium") was paid, but which Millennium never delivered.  Critically, Plaintiff has never declined to issue the Policy, nor has Plaintiff ever denied that it is obligated to do so or advanced (in the Complaint or otherwise) any reason(s) why it is not obligated to do so.

In the absence of any such denial, Plaintiff has failed to plausibly plead a live "case or controversy" to sustain subject matter jurisdiction in this Court, and is instead seeking what amounts to a purely advisory ruling from this Court. Until Plaintiff shows that it has refused to honor, or is entitled to refuse to honor, Plaintiff's obligation to issue the Policy its agent was fully paid to issue, there is no live dispute (over coverage, issuance or otherwise) and subject-matter jurisdiction is lacking, warranting the dismissal of the Complaint.

In the alternative, cause exists for this Court to abstain from exercising its jurisdiction inasmuch as this suit involves state law that is at best unclear on an issue particularly close to the sovereign prerogatives of the State of Texas, in particular the thoroughly-regulated area if title insurance. Defendant prays that to the extent subject-matter jurisdiction exists, this Court abstain from exercising it.

### B.   BACKGROUND FACTS

1.      Plaintiff admits that Millennium was a title agent for Plaintiff, with authority from Plaintiff pursuant to a "Texas Limited Agency Agreement" and was "authorized to issue [Plaintiff's] title policies covering property in the State of Texas" in specific counties. (*See* Complaint @ ¶6, pp. 2-3, and Exhibit A to the Complaint @ p. 1, ¶1).

2.      Plaintiff does not dispute that, pursuant to a purchase agreement signed on September 25, 2015, on October 29, 2015 Defendant tendered all funds for the closing of a purchase of 36 tracts of land to Millennium, acting in its capacity as a title agent for Plaintiff and "as an escrow agent and closer to facilitate the transaction." (*see, e.g.,* Complaint @ ¶¶6-7, pp. 2-3).

3.      In connection with the closing of this transaction, Millennium, acting within the scope

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

Page -2-

Case 3:16-cv-02366-G   Document 8   Filed 09/19/16   Page 3 of 10   PageID 68

of its duties as an agent of Plaintiff, issued a commitment for title insurance on behalf of Plaintiff, a true and correct copy of which is attached to this motion as *Exhibit "1"*. Although the commitment was issued and the funds for payment of the premium for the title policy were tendered to Millennium (*see* Exhibit B to the Complaint, indicating that Millennium collected $22,897 for title insurance premiums), Plaintiff has not yet issued the Policy.  Plaintiff also has not refused to issue the Policy; Plaintiff has instead deferred the decision (apparently by the lawsuit, to this Court) on whether or not to issue the Policy.

4.      Texas Insurance Code §2704.002 provides that "[a] title insurance company may directly issue a title insurance policy or contract based on the best title evidence available if: . . . (2) each title insurance agent and direct operation for that county refuses to provide title evidence: (A) in a reasonable period as determined by the [Texas Department of Insurance] . . ." The Texas Department of Insurance Basic Manual of Title Insurance, Section IV, Rule P-61, provides, "Title policies *shall be provided and furnished to the insured within ninety (90) days* after the receipt by the title company of proof of compliance with the company's Schedule C requirements." (Emphasis added)

5.      In Exhibit B to the Complaint, Defendant requested that Plaintiff issue the Policy and thereafter provide indemnification or delivery of the deed conveying the property to Defendant. When Plaintiff did not respond, Defendant filed a complaint with the Texas Department of Insurance (hereafter, "TDI"), which complaint has yet to be resolved. Critically, there is no threat of a lawsuit in Exhibit B.  Moreover, since Exhibit B was tendered, it is undisputed that Plaintiff has never

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

Page -3-

declined to issue the Policy, and in the Complaint never states any legal or factual basis upon which it is entitled to decline to issue or may refrain from issuing the Policy. Logically, because Plaintiff has not issued or declined to issue the Policy, Defendant cannot assert a claim under the Policy.

## C. ARGUMENTS AND AUTHORITIES - DISMISSAL FOR WANT OF SUBJECT-MATTER JURISDICTION

6. Subject matter jurisdiction, when in question, must be addressed immediately because "'[t]he requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception. . . .'" *Red Hook Communs. I, L. P. v. On-Site Manager, Inc.*, 2016 U. S. Dist. LEXIS 103884, *5-6 No. 3:16-CV-0848-G (N. D. Tex. 2016), quoting *Ruhrgas AG v. Marathon Oil Corp.*, 526 U.S. 574, 577 (1999). *See also Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

7. The United States Constitution, in Article III, Section 2, grants jurisdiction to federal courts to determine "cases" or "controversies." "'Ripeness - - the fact that a case is neither 'premature [n]or speculative' - - 'is a constitutional prerequisite to the exercise of jurisdiction.'" *Red Hook Communs. I, L. P. v. On-Site Manager, Inc.*, *supra*, quoting *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 606 (N. D. Tex. 2006) and *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("The doctrines of mootness, ripeness and political question all originate in Article III's 'case' or 'controversy' language."). To meet this requirement, the prospect that injury has occurred or is likely to occur may not be "contingent or remote." *Red Hook Communs. I, L. P. v. On-Site Manager, Inc.*, *supra*.

8. Declaratory relief, such as that sought by the Plaintiff in this case, is no exception and is only available when there is an actual, substantial "case or controversy" between parties with

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

adverse legal interests of sufficient immediacy and reality; the dispute may not be hypothetical or abstract. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000); *Shields v. Norton*, 289 F.3d *supra* at 835. "[A] declaratory action must be ripe in order to be justiciable, and is ripe only where an 'actual controversy' exists. *Id.* While the threat of litigation may, in some but not all instances, give rise to a justiciable controversy. For instance, in *Shields v. Norton*, despite warning letters sent by the Sierra Club, the timing, recipients and capacities of the plaintiff caused the Court to determine that there was an insufficiently "specific, concrete threat of immediate litigation sufficient to establish the controversy requisite to declaratory judgment." *Id.* at 836-37

9.     The general requirements for a plaintiff's pleadings are found in Rule 8(a) of the Federal Rules of Civil Procedure, which require, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP Rule 8(a)(2). The purpose of this Rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In analyzing a complaint for purposes of a motion to dismiss, the trial court is confined to the complaint itself, and the documents attached to the complaint. *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012).

10.     The United States Supreme Court recently revisited the requirements of Rule 8(a)(2), and held that the Rule embodies a "plausibility requirement," requiring sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]  To state a claim that is "plausible on its face," a

---

[1]     *See also Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Jones v. Bock*, 549 U.S. 199, 212 (2007).

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

Page -5-

plaintiff must provide "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]. [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *id*. at 678. Rather, the factual content the plaintiff is required to plead must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." While the pleader need not show that he will probably prevail, a pleading that provides no "more than a sheer possibility that a defendant has acted unlawfully" will not suffice. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - 'that the pleader is entitled to relief.'" *Id.* at 679. The Supreme Court instructed that while factual allegations must be accepted as true by the trial court,[2] "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

11. "[W]here a complaint lacks allegations that can plausibly support the required elements of [sic] claim, it should be dismissed." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "And, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.*, citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Guajardo v. JP Morgan Chase Bank*, 2015 U. S.

---

2    *See also Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

Page -6-

App. LEXIS 3731 (5th Cir. 2015); *Drs. Bethea, Moustoukas and Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 n. 6 & 7 (5th Cir. 2004).

12.     The plausibility pleading requirements apply to both pleadings in general, and to pleading the basis of subject-matter jurisdiction, including the requirement of a live "case or controversy." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal court jurisdiction bears the burden of establishing these elements [constitutional standing]."), citing *FW/PBS Inc. v. Dallas*, 493 U.S. 215, 231 (1990); *see also Joint Heirs Fellowship Church v. Ashley*, 45 F. Supp. 3d 597, 615 (S. D. Tex. 2014).  A lack of subject matter jurisdiction may be attacked in two ways: "facially" (i.e. on the sufficiency of the pleadings, presuming all facts plead as true) or "factually" (based on affidavits, testimony or evidentiary materials challenging jurisdiction).  *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d *supra* at 606.  "In a factual attack, the plaintiffs are also required to submit facts in support of jurisdiction and have the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over - - the claims."  *Id.*  This case presents both a facial and a factual attack on jurisdiction.

13.     In the present case, Plaintiff has not plead any basis upon which it is legally entitled to disavow its obligation to issue the Policy, nor has it declined to do so.  Accordingly, apart from requesting that TDI order Defendant to issue the Policy, Defendant has neither made, nor threatened, any claim against Plaintiff generally, or under the Policy in particular, and there is as yet no basis to invoke this Court's jurisdiction to determine Plaintiff's duties under the as yet unissued Policy.  *See* Exhibit B.  In the absence of any claimed right to refuse to issue the Policy or declination to do so, there is no present case or controversy, and any ruling of this Court would be purely advisory.

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

Page -7-

14.     An analogous case is the recent case of *Joint Heirs Fellowship Church v. Ashley* from the Southern District of Texas. In the *Joint Heirs Fellowship* case, the plaintiff was challenging the constitutionality of a Texas election statute. At the same time, the plaintiff "suggested that they may not organize a political committee at all if required to comply" with that statute. Based on the plaintiff's equivocation about whether or not it would subject itself to the statute of whose constitutionality was in issue, the court held that the plaintiff had failed to meet its burden "to demonstrate either a serious interest in acting contrary to §253.094(b) or a threat of enforcement beyond mere speculation" and, therefore, that standing based on a live case or controversy was absent. *Id.*, 45 F. Supp. 3d at 615. For these reasons, Plaintiff has failed to plausibly plead the existence of a ripe controversy, the controversy is not yet ripe, and this case should be dismissed for want of jurisdiction.

## D.     ARGUMENTS AND AUTHORITIES - ABSTENTION

15.     The determination of Plaintiff's duty to issue the Policy is one of Texas law under the Texas Insurance Code, and as detailed above, the time limits for which are established by regulations of TDI. This is a matter that is committed to the regulatory power of the State of Texas, as evidenced by the Texas Insurance Code.

> (a) The purpose of this title is to completely regulate the business of title insurance on real property and, as described by Subtitle F, on personal property, including the direct issuance of policies and the reinsurance of any assumed risks, to: (1) protect consumers and purchasers of title insurance policies; and (2) provide adequate and reasonable rates of return for title insurance companies and title insurance agents.
> (b) It is the express legislative intent that this title accomplish the purpose described by Subsection (a).

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

Page -8-

TEX. INS. CODE §2501.002. Furthermore, the Commissioner of TDI is delegated full rule-making, examination and regulatory authority of any entity engaging in the business of title insurance in Texas to the exclusion of "any other state agency" in any other regulatory statute. TEX. INS. CODE §2551.003. To the extent that there is any ambiguity in the responsibilities of Plaintiff with regard to the *issuance* of the Policy, those responsibilities must be resolved by TDI and are not properly determined by this Court.

16.     Thus, to the extent that this Court finds it does have subject-matter jurisdiction to hear this alleged dispute, this Court should nevertheless abstain from exercising that jurisdiction, given that this case presents a suit involving an issue of state law, the resolution of which is particularly close to the declared sovereign prerogatives and intentions of the State of Texas to exclusively regulate the business of title insurance and whose significance extends beyond the case in question (*see Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25, 27-28 (1959) (eminent domain); *Bank One, N. A. v. Boyd*, 288 F.3d 181, 184 n. 1 (5th Cir. 2002)), and/or due to the need to defer to complex and comprehensive state administrative procedures. *Burford v. Sun Oil Co.*, 319 U.S. 315, 331-34 (1943) (abstention proper to avoid disruptive effect on state policy and review process); *Baran v. Port of Beaumont Nav. Dist.*, 57 F.3d 436, 441-42 (5th Cir. 1995). In the present case, Defendant's complaint to TDI is still pending without any resolution. Prudentially, this issue - - which is regulated exclusively by TDI under a comprehensive regulatory scheme - - should be determined first, if not exclusively, by the Commissioner, and not be first reviewed (if at all) in this Court.

        WHEREFORE, Defendant prays that the Complaint be dismissed, or alternatively, that the

MOTION OF PENIEL HOLDINGS, LLC TO DISMISS FOR WANT OF JURISDICTION
PURSUANT TO RULES 8(A) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE
OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF

Court abstain from hearing this Complaint and that this Court, to the extent necessary grant the

Defendant a hearing and/or oral argument thereon.

Respectfully submitted,

**STROMBERG STOCK, P.L.L.C.**

By: _/s/Mark Stromberg_
　　Mark Stromberg
　　State Bar No. 19408830

8750 North Central Expressway, Suite 625
Dallas, Texas 75231
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
E-mail: mark@strombergstock.com

HOWARD F. CARTER, JR., P.C.
Attorneys & Counselors

By: _/s/Howard F. Carter, Jr._
　　Howard F. (Sam) Carter, Jr.
　　State Bar No. 03916500

8750 North Central Expressway, Suite 625
Dallas, Texas 75231
Telephone: 972-455-2001
Facsimile: 972-455-2015
Email: sam@scarterlawfirm.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was served upon counsel for Plaintiff, Randall K. Price, Cantey Hanger, LLP, Suite 3300, 1999 Bryan Street, Dallas, Texas 75201, by U. S. First Class Mail, postage prepaid, and via e-mail at rprice@canteyhanger.com, on this the 19th day of September, 2016.

_/s/Mark Stromberg_
MARK STROMBERG