UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY | § § § | |
| | § | CIVIL ACTION NO. 3:16-cv-02366-G |
| VS. | § § | |
| PENIEL HOLDINGS LLC | § | |

**WFG NATIONAL TITLE INSURANCE COMPANY'S RESPONSE TO PENIEL HOLDINGS LLC'S MOTION TO DISMISS, OR ALTERNATIVE REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF**

COMES NOW, WFG NATIONAL TITLE INSURANCE COMPANY, (hereinafter "Plaintiff" or "WFG") and files this, its Response to Peniel Holdings LLC's Motion to Dismiss For want of Jurisdiction, or Alternative Request For Abstention, filed herein on September 19, 2016, and would respectfully show the Court the following:

**BACKGROUND AND INTRODUCTION**

**I.**

WFG filed a Complaint in this Court seeking a declaration that it is not required to do three things that Defendant has demanded it do:

1. Issue an Owner's Policy of Title Insurance;

2. Deliver a deed conveying title to certain real property; or

3. Return money Defendant placed into the escrow account of Millennium Title.

WFG, in its Complaint for Declaratory Relief, has clearly and unequivocally stated that it will not and cannot meet any of Defendant's demands. WFG has clearly stated the reason it cannot and will not undertake these actions. As a result of this impasse, a definite and concrete dispute

between the parties exists. This Court, based on diversity of citizenship and Article III of the U.S. Constitution, has jurisdiction over this dispute and should exercise its discretion to adjudicate it. Plaintiff's claims are justiciable and this Court has the authority to grant the relief requested. This Court should exercise its discretion in favor of hearing this case. WFG's claims are specific and comply with Rule 8 of the Federal Rules of Civil Procedure. For these reasons, Defendant's Motion to Dismiss, or Alternatively, For Abstention should be denied.

## ARGUMENT AND AUTHORITIES

### II.

**A.** **Orix Factors**

In determining whether to adjudicate a declaratory judgment action, the district court should make three inquiries into the dispute:

1. Is it justiciable;
2. Does the Court have the authority to grant such a relief; and
3. Should it exercise its discretion to decide the action based on the factors stated in St. Paul Insurance Co. v. Trejor, 39 F.3d 585 (5th Cir. 1994). Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000).

**1.** **Justiciability**

With respect to justiciability, the question is one of whether an actual controversy exists between the parties to the action. See Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 27-28 (5th Cir. 1989). An actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between the parties having adverse legal interest. Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986). An actual controversy exists when the declaratory plaintiff has a real and a reasonable apprehension of litigation and when the declaratory plaintiff has engaged in a course of conduct that brings it into adversarial conflict

with the declaratory defendant.  <u>Texas v. West Publ'g. Co.</u>, 882 F.2d 171, 176 (5th Cir. 1989).  It is not essential that there be a direct threat of litigation in order to invoke the declaratory judgment statute; rather, it is sufficient if the threat of litigation is implicit in the attitude of the defendant.  <u>Simmons Accessories v. Elastic Stop Corp. of America</u>, 257 F.2d 485, 490 (3rd Cir. 1958).

    **2**    <u>**Authority**</u>

Whether this Court has authority to grant the relief requested by WFG requires an examination of three factors.  First, the district court must determine whether the declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff.  <u>Traveler's Ins. Co. v. La. Farm Bureau Fed'n, Inc.</u>, 996 F.2d 774, 776 (5th Cir. 1993).  Next, the Court must determine whether the state case involves the same issues as those involved in the federal case.  <u>Id</u>.  Finally, the Court must consider whether the Anti-Injunction Act, 28 U.S.C. § 2283 bars the relief requested.  <u>Id</u>.

    **3.**    <u>**Discretion**</u>

In order to determine whether the Court should exercise its discretion to decide the declaratory judgment against requires an analysis of the factors set forth in <u>St. Paul Insurance Co., v. Trejo</u>, 39 F.3d 585 (5th Cir. 1994).  The <u>Trejo</u> factors are as follows:

1.    Whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2.    Whether the Plaintiff filed suit in anticipation of a lawsuit filed by the Defendant;

3.    Whether the Plaintiff engaged in forum shopping in bringing the suit;

4.    Whether possible inequities in allowing the declaratory plaintiff to gain

precedence in time or to change forum exists;

    5.    Whether the federal court is a convenient forum for the parties and witnesses;

    6.    Whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and

    7.    Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

It should also be noted that the 28 USC § 2001 should be given a liberal interpretation because it is remedial in character. Dewey & Almy Chemical Co. v. American Anode, 137 F.2d (3d Cir. 1943, cert. denied).

**B.**    **Federal Rule of Civil Procedure 8**

Rule 8 of the Federal Rules of Civil Procedure sets forth the requirement for asserting a claim in this court. Under Rule 8, the complaint must contain the following:

    1.    A short and plain statement of the grounds for the court's jurisdiction;

    2.    A short and plain statement of the claims showing that the pleader is entitled to relief; and

    3.    A demand for the relief sought.

Federal Rule of Civil Procedure 8 (West 2016).

**C.**    **Analysis Under Orix**

A detailed analysis of the factors set forth in Orix shows that this matter should not be dismissed nor should this Court abstain from exercising jurisdiction. With respect to the first element of Orix, a natural controversy which is ripe for determination between the parties exists.

As set forth in WFG's complaint, Defendant caused over $1.4 million to be deposited into the Millennium Title Escrow Account as consideration for the purchase of property located in Cooke County, Texas.  These funds never passed to the hands of the seller.  Understandably, Defendant wants a return of its money or title to the property and an Owner's Policy of Title Insurance.  In fact, as reflected in Exhibit "B" to WFG's complaint (Penial's demand letter to WFG), Defendant has demanded that WFG issue an Owner's Title Policy and a deed conveying fee simple title to the property or, in the alternative, a return of all funds wired to Millennium Title by Defendant.  Further, in that same demand letter, Defendant requested copies of all insurance policies which provide coverage to WFG and/or the buyer.  This request can be taken in no other way than an intention on the part of Defendant to seek recovery for a claim against WFG.  Further, in its motion seeking relief from the automatic stay in Travis County, Defendant specifically states in paragraph 12 that it has "asserted a claim against WFG for its conduct and the conduct of its agent Millennium".  See Exhibit "C" attached to Plaintiff's Original Complaint.  There would be no need for Defendant to seek a lift of the automatic stay in Travis County if there were merely a hypothetical, academic or abstract dispute between it and WFG.  The conduct of Defendant is more than sufficient to cause a real and reasonable apprehension of litigation between the parties.  At a minimum, it is implicit in the attitude of Defendant that WFG's refusal to either return the funds or issue a title policy and deed to the property in dispute will lead to litigation between the parties.  Accordingly, an actual justiciable controversy is presented by this dispute and, therefore, this Court has jurisdiction to decide this matter.

      This Court also has the authority to grant the relief requested.  Defendant has not filed a state court action against WFG and the Anti-Injunction Act is not implicated in this dispute.

Accordingly, second element of the Orix test is not applicable to this case.

The final examination which must be undertaken by this Court is an analysis of the seven factors set forth in Trejo, 39 F.3d at 585.  None of the Trejo factors militate against this Court exercising its discretion to hear this case.  First, there is no pending state court action in which all of the matters may be fully litigated.  Second, while WFG did file this action in anticipation of a lawsuit being brought by Defendant, WFG did not do so to deprive the Defendant of any its rights.  Rather, the early resolution of the claim will aid rather than injure Defendant.  Third, no forum shopping occurred as the Northern District of Texas is an appropriate venue for this dispute.  It is the location of the principal place of business for Defendant and the location of the residence of its principals.  WFG has not attempted to file suit in a remote location for the purposes of gaining some tactical advantage.  Fourth, there are no inequities in allowing WFG to gain precedence in time by filing this lawsuit.  Again, an early resolution of this dispute would seemingly aid rather than injure both parties.  Fifth, the Northern District of Texas is a convenient forum as stated above. Had Defendant initiated the action in state court, WFG would have removed the case to federal court based on diversity of citizenship.  Most of the witnesses reside in or in close proximity to the Northern District.  Counsel of Record for Defendant and WFG are also located in Dallas.  Sixth, retaining this suit in this Court would serve the purposes of judicial economy.  It is clear that litigation between the parties is unavoidable and there are no other cases currently pending between the parties.  Seventh, this Court is not being called on to construe a state judicial decree involving the same parties.  Because there is no parallel state court proceeding, the forum is a convenient location for both Plaintiff and Defendant, and both parties would benefit from resolving the issues made the basis of Plaintiff's complaint in a timely

fashions, there is no reason for the Court to abstain from deciding this case.

Defendant has argued that because this case involves title insurance and title insurance is regulated by the state, an important issue of state law is present which requires the Court to abstain from deciding this dispute.  However, the fact that all issues of insurance coverage raised are governed by state substantive law is not a sufficient basis on which to decline to exercise federal jurisdiction.  Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 374 (4th Cir. 1994).  Further, there is nothing difficult, complex or unsettled by the issues presented to this Court by WFG.  WFG would show that whether it should be forced to issue a title policy when no closing of the transaction has taken place, whether it can be forced to deliver a deed to a parcel of property for which no consideration has passed to the buyer, and whether it should be forced to return money ostensibly stolen from Defendant by a third party presents this Court with no unusual, complicated or unsettled questions of law more properly determined in the State District Courts of Texas.  Following Defendant's argument to its logical conclusion would lead to federal courts abstaining from all insurance cases.  Disputes involving title insurance are properly and routinely resolved in federal courts in this state.  See Fidelity Nat. Ins. Co. v. Doubletree Partners LP, 739 F.3d 848 (5th Cir. 2014).  Premier Tierra Holdings, Inc. v. Ticor Title Ins. Co. of Florida, Inc., 2011 W.L. 2313206 (S.D. Texas 2011).  For good reason, when jurisdiction is otherwise present, there is no reason to preclude a federal court from hearing a matter simply because it involves insurance.

### D.     Pleading Under Federal Rule of Civil Procedure 8

WFG has sustained its pleading burden under Rule 8 of the Federal Rules of Civil Procedure.  WFG has clearly articulated that it cannot be compelled to issue a title policy under

these circumstances because no closing has taken place, no consideration has changed hands, and no premium has been paid to WFG.  Plaintiff could not more clearly indicate that it cannot, and will not comply with the demands of Defendant.  Moreover, WFG has clearly articulated that it cannot deliver a deed to this property for the same reasons.  Finally, WFG has clearly indicated it will not reimburse Defendant for any losses caused by Millenium Title, thus setting up an irreconcilable conflict between the parties as to these issues.  Plaintiff has not made conclusory legal assertions which leave any doubt as to the nature of this dispute.  In fact, Plaintiff has merely borrowed from Defendant's demand letter in articulating the controversy and setting forth the relief which it seeks from this Court.

## CONCLUSION

### III.

Because an actual controversy exists between WFG and Defendant, this Court has the authority to decide the matters in dispute, and there is no compelling reason why this Court should abstain from deciding this matter, Plaintiff's Motion to Dismiss, or in the Alternative, Abstain, should be denied.  This Court is an appropriate and convenient forum to resolve the dispute between the parties.  Jurisdiction exists based on diversity as well as Article III of the U. S. Constitution.  No compelling issue of state law exists which would militate against this Court exercising its jurisdiction to hear this matter.  Plaintiff's complaint clearly and concisely sets forth the nature of this dispute satisfying the parameters of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, WFG National Title Insurance Company respectfully requests that this Court deny Defendant's Motion to Dismiss, or Alternatively to

Abstain in this matter.

                         Respectfully submitted,

                         CANTEY HANGER LLP

                         */s/Ashley T. Parrish*
                         ASHLEY T. PARRISH
                         State Bar No. 15536850
                         aparrish@canteyhanger.com
                         RANDALL K. PRICE
                         State Bar No. 16303800
                         rprice@canteyhanger.com
                         1999 Bryan Street, Suite 3300
                         Dallas, Texas 75201
                         (214) 978-4100
                         (214) 978-4150 (Fax)

                         ATTORNEY FOR PLAINTIFF
                         WFG NATIONAL TITLE INSURANCE
                         COMPANY


**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above Response to Peniel Holdings LLC's Motion to Dismiss, Or Alternative Request For Abstention and Brief in Support Thereof has been forwarded to all counsel of record via e-filing and in accordance with the Texas Rules of Civil Procedure on this the 11th day of October, 2016.

Howard F. Carter Jr.
The Carter Law Firm
Howard F. Carter Jr., P.C.
8750 N. Central Expressway, Suite 625
Dallas, Texas  75231

Mark Stromberg
Stromberg Stock
8750 N. Central Expressway, Suite 625
Dallas, Texas  75231

                         */s/ Ashley T. Parrish*
                         ASHLEY T. PARRISH


**WFG NATIONAL TITLE INSURANCE COMPANY'S RESPONSE TO**
**PENIEL HOLDINGS LLC'S MOTION TO DISMISS, OR ALTERNATIVE**
**REQUEST FOR ABSTENTION AND BRIEF IN SUPPORT THEREOF**– Page 9