IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 3:16-cv-02366-G |
| PENIEL HOLDINGS, LLC, | § § § | |
| Defendant. | § | |

## REPLY OF PENIEL HOLDINGS, LLC TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR WANT OF JURISDICTION PURSUANT TO RULES 8(a) AND 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR ALTERNATIVE REQUEST FOR ABSTENTION, AND BRIEF IN SUPPORT THEREOF

**COMES NOW PENIEL HOLDINGS, LLC**, (the "Defendant"), who files this its Reply to the Response of **WFG NATIONAL TITLE INSURANCE COMPANY** (hereafter, the "Plaintiff") to Defendant's Motion to Dismiss for Want of Jurisdiction Pursuant to Rules 8(a) and 12(b)(1) of the Federal Rules of Civil Procedure, or Alternative Request for Abstention (the "Motion"), as to the Original Complaint for Declaratory Relief filed on August 15, 2016 ("the Complaint"), and in support thereof Defendant would show as follows:

### A. SUMMARY OF THE REPLY

In the Complaint, Plaintiff admitted that its title agent, Millennium Closing Services, LLC d/b/a Millennium Title (hereafter, "Millennium"), was paid a $22,897 premium for a title policy (the "Policy") which, though paid for and demanded by Defendant, Plaintiff never issued, and Plaintiff sought a declaratory (i.e *advisory*) opinion from this Court on its duty to issue.

The Motion pointed out that under the Texas Insurance Code there was a statutory duty for a title company to issue title policies where the agent refused to do so, that the Texas Department

of Insurance (hereafter, "TDI") rules required the policy to issue within 90 days of proof of Schedule C requirements, that Plaintiff had never previously declined to issue the Policy, that there was a pending and unresolved complaint before the TDI regarding the failure to issue the Policy (which was as of September 3, 2016 referred to the TDI Compliance Division),[1] and that the Texas legislature had plainly stated that its regulation of title insurance was a comprehensive scheme for the regulation of claims of the purchasers of title insurance. Accordingly, Defendant argued that the dispute was not yet ripe for resolution, or that if it was this Court should decline to hear it. In its response to the Motion, Plaintiff claimed that it articulated a justification for a ruling that it is not obliged to issue the Policy, and that this Court should not abstain from taking the determination of this matter from TDI for determination instead in federal court.

Defendant will show that Plaintiff has not plead a justification for this Court to rule that the Policy should not issue, and that a federal court should not intercede to deprive the Commissioner of TDI of its authority to regulate the business of title insurance and to implement its own regulations therefor.

### B. ARGUMENTS AND AUTHORITIES

1. The Complaint itself establishes that Millennium, acting as agent for the Plaintiff, received premiums for the acquisition of the Policy - - the same Policy Plaintiff claims its is under no duty to issue - - from Defendant. There is unquestionably a duty under Texas law for a title insurer to issue a title policy if within a reasonable time its title agent fails to do so. TEX. INS. CODE §2704.002. The Commissioner of TDI established rules for what constitutes a reasonable time for the title policy to issue, and that time is 90 days from the date of completion of Schedule C

---

[1] *See* Letter from TDI dated September 3, 2016 as ***Exhibit 1***.

requirements. *See* TDI Basic Manual of Title Insurance, Section IV, Rule P-61. None of this was disputed (or addressed) by Plaintiff, and Plaintiff has nowhere - - in its Response or in the Complaint itself - - articulated any basis for any claim that Plaintiff is, or has been, relieved of the duty to issue the Policy for which its authorized agent was in fact paid. In other words, Plaintiff has failed to provide this Court with a plausible legal or factual basis upon which it may grant Plaintiff the relief requested.

2. Second, Plaintiff has misapplied the Fifth Circuit's standard by which this Court determines whether or not it should exercise, or decline to exercise, jurisdiction over this matter. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). Plaintiff's claim that Defendant has not initiated an action in state court is only *technically* true; Plaintiff elides the fact that the admitted precipitating factor for Plaintiff bringing this suit was Defendant's filing of a complaint (still pending and unresolved ) before TDI. (*See* Complaint @ p. 4, ¶11). Although Plaintiff denies that this is forum shopping, Defendant believes this Court should regard that claim with skepticism.

3. Most critically, the Texas legislature has made it crystal clear that it intends for the resolution of these matters to be committed first to TDI, acting through its Commissioner. TEX. INS. CODE §2501.002. No attempt to resolve the request for Plaintiff to issue the Policy is ripe to be heard or reviewed in any court until the Commissioner has ruled or declined to do so. It is improper for a federal court to intercede in an area relegated exclusively to state regulation, and especially so where the regulator delegated the authority to decide these issues currently has the matter under consideration.

4. Plaintiff cites two cases[2] for the proposition that "[d]isputes involving title insurance are properly and routinely resolved in federal courts in this state." However, these cases are inapposite to the question before this Court, inasmuch as both of the cases cited involve the interpretation or enforcement of title policies. Defendant has never argued that federal courts may not interpret a title policy under well-accepted principles of contract law, but neither party has ever gotten to the question of whether or not the Policy covers any claim by Defendant because Plaintiff has not issued the Policy and, therefore, Defendant has never been in a position to make a claim under the Policy.

5. Rather, the issue raised by the Motion is whether this Court should interfere with the TDI's exercise of the authority granted to it under the Texas Insurance Code to "completely regulate the business of title insurance on real property and, as described by Subtitle F, on personal property, including the direct issuance of policies and the reinsurance of any assumed risks, to: (1) protect consumers and purchasers of title insurance policies; and (2) provide adequate and reasonable rates of return for title insurance companies and title insurance agents." TEX. INS. CODE §2501.002. With an unresolved complaint pending before TDI regarding the failure to issue the Policy, Plaintiff has asked this Court to effectively intercede and take the issue away from TDI before it may decide the issue (or, alternatively, opens the risk of inconsistent rulings). This implicates serious concerns of federalism and, accordingly, this Court has good cause to decline to exercise jurisdiction.

WHEREFORE, Defendant prays that the Complaint be dismissed, or alternatively, that the Court abstain from hearing this Complaint and that this Court, to the extent necessary grant the Defendant a hearing and/or oral argument thereon.

---

[2] *Fidelity Nat. Ins. Co. v. Doubletree Partners, LP*, 739 F.3d 848 (5th Cir. 2014), and *Premier Tierra Holdings, Inc. v. Ticor Title Ins. Co. of Florida, Inc.*, 2011 WL 2313206 (S. D. Tex. 2011).

Respectfully submitted,

**STROMBERG STOCK, P.L.L.C.**

By: _/s/Mark Stromberg_
    Mark Stromberg
    State Bar No. 19408830

8750 North Central Expressway, Suite 625
Dallas, Texas 75231
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
E-mail: mark@strombergstock.com

HOWARD F. CARTER, JR., P.C.
Attorneys & Counselors

By: _/s/Howard F. Carter, Jr._
    Howard F. (Sam) Carter, Jr.
    State Bar No. 03916500

8750 North Central Expressway, Suite 625
Dallas, Texas 75231
Telephone: 972-455-2001
Facsimile: 972-455-2015
Email: sam@scarterlawfirm.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was served upon counsel for Plaintiff, Randall K. Price, Cantey Hanger, LLP, Suite 3300, 1999 Bryan Street, Dallas, Texas 75201, by U. S. First Class Mail, postage prepaid, and via e-mail at rprice@canteyhanger.com, on this the 25th day of October, 2016.

    _/s/Mark Stromberg_
    MARK STROMBERG