UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY | § § § | |
| | § | CIVIL ACTION NO. 3:16-cv-02366-G |
| VS. | § § | |
| PENIEL HOLDINGS LLC | § | |

**WFG NATIONAL TITLE INSURANCE COMPANY'S SURREPLY
IN FURTHER OPPOSITION TO PENIEL HOLDINGS LLC'S
MOTION TO DISMISS, OR ALTERNATIVE REQUEST FOR ABSTENTION**

COMES NOW, WFG NATIONAL TITLE INSURANCE COMPANY, (hereinafter "Plaintiff" or "WFG") and files this, its Surreply in Further Opposition to Peniel Holdings LLC's Motion to Dismiss For Want of Jurisdiction, or Alternative Request For Abstention, filed herein on September 19, 2016, and would respectfully show the Court the following:

**I.     Defendant has grossly misstated a crucial portion of WFG's Complaint.**

In its Response, Defendant asserts that, "[i]n the Complaint, Plaintiff admitted that its title agent, Millenium Closing Services, LLC . . . was paid a $22,897 premium for a title policy . . ." ECF No. 12 at p. 1.  WFG's Complaint makes no such admission.  In fact, the Complaint explicitly states that "no premium was ever paid for an owner's policy of title insurance." ECF No. 1 at ¶ 13. WFG does not wish to quibble over linguistic details; however, the absence of a premium payment is one of the principle bases underlying WFG's contention that it has no duty to issue a policy to Defendant.

**II.     The Texas Insurance Code does not confer exclusive jurisdiction over title disputes to the Texas Department of Insurance.**

Defendant claims that the Court's exercise of jurisdiction in this matter would Court should "interfere with the TDI's exercise of the authority granted to it under the Texas Insurance Code," specifically Section 2501.002. ECF No. 12 at p. 4. According to Defendant, in §2501.002 the Texas legislature makes it "crystal clear that it intends for the resolution of [the subject] matters to be committed first to TDI." ECF No. 12 at p. 3. In fact, the plain language of the Texas Title Insurance Act ("TTIA") says nothing to suggest that TDI's or the Commissioner's regulation of the business of title insurance on real property must happen prior to, or cannot happen contemporaneously with, a private cause of action in federal court. *See* TEX. INS. CODE §2501.002.

Defendant extrapolates from its erroneous reading of the TTIA that "[i]t is improper for a federal court to intercede in an area relegated exclusively to state regulation . . ." ECF No. 12 at p. 3. However, the United State District Court, Northern District of Texas has consistently held that the Texas legislature has not conferred exclusive jurisdiction of TTIA claims on the TDI. *See Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 716, 721 (N.D. Tex. 2011); *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 556 (N.D. Tex. 2009).

> Neither this section nor any other part of the TTIA contains an express legislative indication that the TDI or the Commissioner has exclusive jurisdiction over plaintiffs' state-law claims. Stating that the purpose of the TTIA is to "completely regulate" the business of title insurance is not the same as granting the TDI "exclusive jurisdiction" over the instant disputes. Notably, the section does not mention the TDI's jurisdiction at all, much less the matter of exclusive jurisdiction . . . And the TTIA nowhere discusses jurisdiction over, or a procedure for, resolving a dispute between a consumer and a title insurer.

*Hancock*, 635 F. Supp. 2d at 556. Here, as in *Chapman* and *Hancock*, the TTIA does not deprive this Court of subject matter jurisdiction and Defendant's motion must be denied.

Furthermore, Defendant has not cited any legal precedent for its conclusion that this Court is barred from hearing the matter raised in WFG's Complaint until after TDI has investigated and/or resolved Defendant's pending complaint. Defendant appears to be suggesting that this Court is required to defer to TDI to make a determination. ECF No. 12 at p. 3. Again, the Northern District of Texas has reached the opposite conclusion, finding that the court must neither defer to TDI to make initial determinations, nor decline to exercise jurisdiction in favor of a decision by TDI. *See Chapman*, 814 F. Supp. 2d at 723–24.

WHEREFORE, PREMISES CONSIDERED, WFG National Title Insurance Company respectfully requests that this Court deny Defendant's Motion to Dismiss, or Alternatively to Abstain in this matter.

    Respectfully submitted,

    CANTEY HANGER LLP

    */s/Ashley T. Parrish*
    ASHLEY T. PARRISH
    State Bar No. 15536850
    aparrish@canteyhanger.com
    RANDALL K. PRICE
    State Bar No. 16303800
    rprice@canteyhanger.com
    1999 Bryan Street, Suite 3300
    Dallas, Texas 75201
    (214) 978-4100
    (214) 978-4150 (Fax)

    ATTORNEY FOR PLAINTIFF
    WFG NATIONAL TITLE INSURANCE
    COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above Surreply in Further Opposition to Peniel Holdings LLC's Motion to Dismiss, Or Alternative Request For Abstention has been forwarded to all counsel of record via e-filing and in accordance with the Federal Rules of Civil Procedure on this the 28th day of October, 2016.

Howard F. Carter Jr.
The Carter Law Firm
Howard F. Carter Jr., P.C.
8750 N. Central Expressway, Suite 625
Dallas, Texas 75231

Mark Stromberg
Stromberg Stock
8750 N. Central Expressway, Suite 625
Dallas, Texas 75231

              /s/ Ashley T. Parrish
              ASHLEY T. PARRISH